(35 South. 369.)

No. 14,804.

DREYFUS v. MRS. WILLIAM LOURD & CO.

(Nov. 16, 1903.)

SALE—ACTION FOR PRICE.

1. Where machinery of the kind and quality called for by the contract has been delivered, the price is due, though the machinery fails to answer the purpose for which it was purchased.

2. Especially is this true where the trouble has arisen from the unsuitability of a part bought separately, and not embraced in the contract.

(Syllabus by the Court.)

Appeal from Nineteenth Judicial District Court, Parish of Iberia; T. Don Foster, Judge.

Action by Leon Dreyfus against Mrs. William Lourd & Co. Judgment for plaintiff, and defendants appeal. Affirmed.

Broussard, Dulany & Broussard, for appellants. Burke & Burke, for appellee.

PROVOSTY, J. Plaintiff sues on an open account and for the price of a pumping outfit. The open account, as corrected by the judgment of the lower court, is now accepted by defendants; but the price of the outfit is said not to be due, and the sale of it is asked to be rescinded, because the outfit was not complete, and was defective and imperfect.

Plaintiff is a merchant. He undertook to deliver to defendants certain pumps, described by manufacturer's name, and certain engines of specified horse power, but not otherwise described than that they should be vertical; also certain minor articles. He bought these things from the manufacturers of them, and delivered them to defendants. They were properly constructed, and of proper materials, and had no inherent defects. Defendants accepted them, and set them up. They failed to perform satisfactorily the work for which they were purchased—the pumping of water for the irrigation of rice fields. The trouble is attributed by the defendants to the weakness or insufficiency of horse power of the engines, and to the unsuitability of the gearing for transmitting the power from the engines to the pumps; and it is attributed by plaintiff to the insufficiency of water supply in the wells.

Let the cause of the trouble have been what it may, plaintiff was not responsible for it. He furnished articles of the kind and quality called for by his contract, and his warranty went no further.

And there is another reason why the shortcoming of the gearing cannot be relied on as ground for refusing payment. The gearing was not among the things to be delivered by plaintiff as constituting the pumping outfit, but was bought separately, and charged to the open account, which defendants are not now contesting.

Judgment affirmed.