**DIAMOND MUSIC CO. v. LAMAZON**

---

(Oct. 18, 1926. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Sales—Par. 151, 152, 218.**

The vendor of a radio set, sold upon the understanding that it would "get" out of town stations, will be denied recovery of the balance due on the selling price of the radio, when the evidence shows the radio to be incapable of more than local activity.

Appeal from First City Court, Division "C". Hon. Wm. V. Seeber, Judge.

Action by the Diamond Music Co., Inc., against Arthur Lamazon.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Jno. E. Jackson and B. J. Allen, of New Orleans, attorneys for plaintiff, appellant.

Jos. Rosenberg, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff claims $173.00 as a balance due on the purchase price of a Thompson Neutrodyne radio set.

Defendant admits buying the radio set and does not dispute the amount claimed to be due thereon, but, he says, the radio could not be made to function. Defendant avers, and plaintiff admits, that he bought the radio for the express purpose of "getting" or tuning in on out of town stations. Indeed, the price agreed upon, $230.00, would indicate that its activities should not be confined to local stations. Defendant conducts a retail grocery store and the radio was intended for the entertainment of his customers.

It is an elementary principle of law that the vendor warrants the thing sold to be fit for the purposes for which it was intended. American Paint Works vs. Metairie Ridge Nursery Co., 1 La. App. 396.

The only question presented is one of fact. Namely, was the radio capable of tuning in on out-of-town stations. There is some evidence to the effect that the machine was tested before being delivered to defendant and that on one occasion someone in plaintiff's employ "got" Pittsburg and a radio program broadcasted there is said to have been reproduced by the radio sold defendant though it is not claimed to have been more than a faint

and indistinct reproduction. Defendant denies that the radio got Pittsburg, faintly or otherwise. It seems to us that it would have been an easy matter for plaintiff to have demonstrated to the court the effectiveness of the radio if it was effective with out-of-town stations. The trial judge resolved the question in defendant's favor by non-suiting plaintiff. We are unable to say that he was manifestly wrong.

The judgment appealed from is affirmed.