No. 2203

Second Circuit

---

HUTCHINSON BROS. v. BYRD & JOLLIFF

---

(April 8, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Sales—Par. 218; Obligations—Par. 124.**

Where the seller of a piano guarantees that "the piano would do the work" and that the electric motor to be attached to it would make it work, using the current generated at purchaser's electric plant, he expressly warrants that the motor will make it work, and the sale will be rescinded if it does not work.

2. **Louisiana Digest—Interest—Par. 25, 26.**

Interest is allowed on payments made on the purchase annulled by judgment of the court only from date of judgment.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

Action by Hutchinson Brothers, Incorporated, against Byrd & Jolliff.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

Herndon & Herndon, of Shreveport, attorneys for plaintiff, appellant.

L. C. Butler, of Shreveport, attorney for defendants, appellees.

WEBB, J. In this action, Hutchinson Brothers, Incorporated, who are dealers in pianos, seek to recover judgment against defendants, Byrd & Jolliff, a partnership, and the individual members, who operate an amusement park, in the sum of eleven hundred dollars, the balance alleged to be due on the purchase price of an electric piano alleged to have been sold to the partnership by plaintiff at the price of fifteen hundred dollars.

The defense made was, in substance, that the piano had been sold under a guarantee that it would be so equipped and installed at defendants' place as to be satisfactorily operated by the current generated at defendants' electric plant, and that plaintiff, after many attempts to equip the piano so that it would operate, had finally abandoned it, and that the sale should be rescinded and the amount that had been paid by defendants refunded, and defendants prayed for judgment accordingly.

On trial, judgment was rendered in favor of defendants as prayed for, with the exception that no interest was allowed, and plaintiff appealed, and defendants have answered the appeal praying that the judgment should be amended so as to allow interest from the date of the payments.

### OPINION

The evidence shows that electric pianos are operated by electric motors and that some of the motors use alternating current and others direct current, and that the piano which was selected by defendants was equipped with a motor which operated with alternating current and that plaintiff was to equip the piano with a motor which would operate with direct current which was the type of current furnished by defendants' plant, and while the evidence shows that the piano was equipped with such a motor and does not show that there was any defect in either the piano or motor, it shows that the piano would not play properly when the electric plant of defendants was carrying the lights.

Plaintiff attributes the failure of the piano to operate normally at such times to the failure of defendants' electric plant to furnish sufficient power to carry the various electrical appliances connected with it; but it contends that it did not expressly or impliedly guarantee anything except the thing it sold, and that its guarantee cannot be held to extend so as to cover any defects or lack of power in defendants' electric plant.

While it must be conceded that the plaintiff in selling its wares did not implicitly warrant against any defects other than in the thing sold (Dreyfous vs. Lourd & Co., 111 La. 21, 35 South. 369), yet the evidence shows that plaintiff was advised of the object for which defendants desired to use the piano and of the nature and kind of electric plant which defendants had, and one of the partners of defendant, whose testimony was not contradicted, testifies that plaintiff guaranteed "the piano would do the work, and that it would make it work", language which in itself may be said to be equivocal, but after making several attempts to make the piano operate normally when the electric plant was carrying the lights, and with full knowledge of where the defect lay, plaintiff at all times promised to make the piano do the work, and under such promises persuaded defendants to make several payments on the piano, and finally plaintiff abandoned its attempts to make the piano operate.

We realize that in holding plaintiff to have undertaken to make the piano operate normally with the power furnished by the defendants' plant, which the evidence indicates was overloaded and that it was impractical to install the piano, was in effect to hold the sale to have been on trial or probably more as that the plaintiff had undertaken to make a test of the feasibility of defendants' installing an electric piano at their place. However, the testimony of one of the partners as to the agreement tends in that direction and the repeated promises of plaintiff to make the piano do the work, we think, establishes the defense, and plaintiff's failure to do either warranted the judgment rendered against it.

The transaction having been annulled by the judgment, defendants were not entitled to interest on the payments made from the date of payment, but it was entitled to interest from date of judgment, and the judgment appealed from should be amended so as to allow defendants legal interest on their reconventional demand from date of judgment, and as amended the judgment is affirmed.