## THE ELECTRICAL SUPPLY CO. v. DANIELS

(December 10, 1928. Opinion and Decree.)
(January 7, 1929. Rehearing Refused.)

Milling, Godchaux, Saal and Milling, of New Orleans, attorneys for plaintiff, appellee.

Jackson and Allen, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit on a promissory note in the sum of $187.83. Defendant pleaded failure of consideration, alleging that the note was given in part payment of the purchase price of a certain twenty-five inch Ilg Universal Blower, a ventilating fan, which, it is alleged, proved to be unfit for the use for which it was intended.

The record shows that the defendant was the proprietor of several small restaurants, known as "Short Order" restaurants, the kitchen and dining room being in the same room. The blower was purchased with the idea of removing the hot air from the stove in order to reduce the temperature in the restaurant and increase the comfort of the patrons, and it is defendant's contention that the plaintiff guaranteed that the particular fan purchased by defendant, would accomplish that result. The fan in question was a product of the Ilg Manufacturing Company, which was shown to have been in the business of manufacturing such fans for a period of about fifty years. It was purchased by defendant, who called at plaintiff's store and after making credit arrangements, purchased the fan. It was thereafter delivered to defendant's restaurant, and installed by a contractor who had no connection with plaintiff.

The catalogue of the Ilg Manufacturing Company, from which defendant evidently made his selection, contained a statement that the fan purchased by defendant, would remove 2200 cubic feet of fresh air per minute.

The fan, as installed, did not prove satisfactory but whether it removed 2200 cubic feet of air per minute or not, is impossible to say. There is no proof that plaintiff guaranteed the fan to be sufficient for defendant's purpose, particularly when installed by someone else. Following complaints made by defendant, a representative of the manufacturing company, called at his place of business and inspected the installation. He advised defendant that, as set up, the fan could not possibly function properly and that there was need of a larger hole in the roof to permit of a larger pipe being used. Permission was asked of the landlord to make the larger opening and refused.

It seems to us that defendant's difficulty was due to the improper installation of the fan, which appears to have been a standard article. The contractor employed by defendant, when asked concerning the products of the Ilg Manufacturing Company, stated that he had always used their products and that they had always proven satisfactory.

We do not believe that this case is controlled by the principle announced in the cases cited by defendant, Bohanon vs. Stewart, 4 La. App. 150; Brown-Roberts Hardware and Supply Company vs. Mounger, 5 La. App. 479; Diamond Music Company vs. Lamazou, 5 La. App. 113; Hutchison Bros. vs. Byrd & Jolliff, 6 La. App. 367.

In the cited case there was proof establishing the unfitness of the thing sold for the use for which it was intended and there was no question of improper installation of machinery. For example, in the

last cited case, a vendor of a radio set sold upon the understanding that it would "get" out of town stations, was denied recovery of the balance due on the selling price of the radio, because the evidence showed the radio to be incapable of more than local activity. There was in that case a special warranty, which is not true of the case at bar.

For the reasons assigned, the judgment appealed from is affirmed.